Jeremy E. Branch, CA Bar #303240
Law Offices of Jeffrey Lohman
4740 Green River Rd., Suite 310
Corona, CA 92880
Telephone: (866) 329-9217

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| ERICA DEROSA, | ) |
| | ) |
| Plaintiff, | ) PLAINTIFF'S COMPLAINT AND |
| | ) DEMAND FOR JURY TRIAL |
| – vs – | ) |
| | ) |
| BRIDGEPORT FINANCIAL, INC., | ) |
| | ) |
| Defendant. | ) |

NOW COMES Plaintiff, ERIC DEROSA ("Plaintiff"), through her attorneys, hereby alleges the following against Defendant, BRIDGEPORT FINANCIAL, INC. ("Defendant"):

**Nature of the Action**

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (RFDCPA).

**Parties**

3. Plaintiff is a natural person residing, in the city of Anaheim, County of Orange, California and is otherwise *sui juris*.

4. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. §

1692a(3).

5. Defendant is a California corporation conducting business in the state of California, and has its principal place of business in San Jose, California.

6. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

7. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

### Jurisdiction and Venue

8. Defendant conducts business in the state of California and therefore personal jurisdiction is established.

9. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

10. Venue is proper in the United States District Court Central District of California pursuant to 28 U.S.C § 1391(b) because Plaintiff and Defendant reside within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

### Factual Allegations

11. On or around April 29, 2019, Defendant placed a collection call to Plaintiff seeking and demanding payment for an alleged consumer debt.

12. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

13. Defendant called Plaintiff's telephone number at (831) XXX-2997.

PLAINTIFF'S COMPLAINT

                Case 8:19-cv-02010-DOC-DFM   Document 1   Filed 10/22/19   Page 3 of 4   Page ID #:3

14. On or around April 29, 2019, Defendant left a voicemail message on Plaintiff's answering machine.

15. In the voicemail message, Defendant failed to meaningfully disclose the nature of the call or state that the call was from a debt collector.

16. In the voicemail message, Defendant directed Plaintiff to call back telephone number (800) 817-8565, which is a number that belongs to Defendant.

17. In the voicemail message, Defendant failed to disclose the purpose of its call was to collect a debt allegedly owed by Plaintiff.

18. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

### FIRST CAUSE OF ACTION
### DEFENDANT VIOLATED THE FDCPA *15 U.S.C. § 1692 et seq.*

19. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-18.

20. Defendant's violations of the FDCPA include, but are not limited to, the following:

    a. Defendant violated *§1692(d)* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

    b. Defendant violated *§1692(e)* of the FDCPA by any other false, deceptive, or misleading representation or means in connection with the debt collection; and

    c. Defendant violated *§1692(e)(11)* of the FDCPA by failing to contain the warning: This is an attempt to collect a debt… communication is from a debt collector.

### SECOND CAUSE OF ACTION
### DEFENDANT VIOLATED THE RFDCPA CA. CIV. CODE *§ 1788 et seq.*

<pre>- 3 -

PLAINTIFF'S COMPLAINT</pre>

21. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

22. Defendant's violations of the RFDCPA include, but are not limited to, the following:

   a. Defendant violated *§1788.17* by failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

### FIRST CAUSE OF ACTION

23. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k;

24. Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

25. Awarding such other and further relief as may be just, proper and equitable.

### SECOND CAUSE OF ACTION

26. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act;

27. Statutory damages of $1000.00 pursuant to Cal. Civ. Code §1788.30(b);

28. Reasonable attorney's fees, costs pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(c); and

29. Actual damages and compensatory damages according to proof at time of trial.

## JURY TRIAL DEMAND

30. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: October 22, 2019     By: *Jeremy E. Branch*
                            Attorneys for Plaintiff